APRIL L. HOLLINGSWORTH (Bar No. 9391)
ASHLEY LEONARD (Bar No. 14899)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, UT  84105
Telephone: 801-415-9909
april@aprilhollingsworthlaw.com
ashley@aprilhollingsworthlaw.com

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **HOPE ZISUMBO,**<br><br>    Plaintiff,<br><br>vs.<br><br>**CONVERGYS CORP.,** a corporation;<br><br>    Defendant. | **PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 1:14-cv-00134<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Plaintiff Hope Zisumbo ("Ms. Zisumbo"), by and through her counsel, submits the following Motion and Supporting Memorandum for Leave to Amend her Complaint. Pursuant to Fed. R. Civ. P. 15, Ms. Zisumbo seeks to add John Patton II, Ryan Mitchell, and Adriana Woldberg as named individual Defendants and add allegations and claims against the individual Defendants. Ms. Zisumbo also seeks to remove the indemnification cause of action. Defendant Convergys Corp. ("Convergys") has indicated it will not

1

stipulate to the proposed amendments.

## INTRODUCTION

Ms. Zisumbo began working for Convergys as a full-time employee in the beginning of May 2012, when she was 18 years old. She was hospitalized unexpectedly for several weeks beginning May 1, 2013.  Ultimately, she was diagnosed with Crohn's disease, although her diagnosis was initially not clear. Ms. Zisumbo's parents filled out FMLA paperwork for her and submitted it to Convergys, and the company approved her for FMLA leave through May 30, 2013. She returned to work part-time on June 3, 2013 and was intending to resume full-time work on June 24, 2013.  Unfortunately, she was hospitalized again on June 24, 2013, for a life-threatening kidney stone that required surgery.  Her mother kept Convergys fully informed of her medical situation, and offered to fill out additional FMLA paperwork.  On June 28, 2013, however, Ms. Zisumbo's supervisor, John Patton II, terminated Ms. Zisumbo (by text) from Convergys "for medical reasons."  She then received a letter from her insurance company, dated July 17, 2013, stating that Convergys had notified the insurance company that her health insurance benefits ended on April 30, 2013, which was prior to Ms. Zisumbo's hospitalization.  Despite numerous attempts by Ms. Zisumbo and her family to obtain information regarding continuing her health insurance coverage, Convergys did not and would not send her a COBRA notice.  Accordingly, Ms. Zisumbo has received over $200,000 in medical bills that her health insurance through Convergys should have covered.

In Ms. Zisumbo's original (third-party) Complaint against Convergys, filed in

state court, she alleged violations of the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. §2601, *et seq*, as well as the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 2001, *et seq.*, in addition to a claim of indemnification for medical expenses. Convergys settled the indemnification claim and removed Ms. Zisumbo's complaint to federal court. The parties have begun initial discovery, and after receiving Convergys' responses to Ms. Zisumbo's written discovery on March 13, 2015, Ms. Zisumbo has now identified the decisionmakers responsible for Ms. Zisumbo's termination. Because the individuals responsible for Ms. Zisumbo's termination have been identified in the early stages of discovery and the Federal Rules of Civil Procedure support such amendments, justice requires that this Court grant Ms. Zisumbo leave to amend her complaint to add them as defendants.

## ARGUMENT

Rule 15(a) of the Fed. R. Civ. P. gives this Court discretion to grant leave to Ms. Zisumbo to amend her Complaint, and where justice so requires, "leave shall be freely given." Fed. R. Civ. P. 15(a); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The purpose of Rule 15 is to provide litigants the opportunity to have each of their claims decided upon the merits, "rather than upon procedural niceties." *Minter*, 451 F.3d at 1204. Where there is not an issue of undue delay, bad faith, dilatory conduct, or undue prejudice, leave to file the amendment should be freely given. *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). In fact, Rule 15(b) allows for amendments to the pleadings to conform to the evidence even at trial. Fed. R. Civ. P. 15(b).

Ms. Zisumbo seeks leave to file the attached proposed First Amended Complaint.

3

*See* proposed First Amended Complaint, attached as Ex. A. Ms. Zisumbo proposes adding three individuals to her FMLA claim: 1) John Patton II; 2) Ryan Mitchell; and 3) Adriana Woldberg. Ms. Zisumbo also proposes to remove the indemnification claim against Convergys. Defendant Convergys does not stipulate to the proposed amendments.

The additional parties Ms. Zisumbo proposes all relate back to Ms. Zisumbo's original complaint. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim [] that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading . . . ." Fed. R. Civ. P. 15(c). Discovery is ongoing in this case, and after receiving Convergys' responses to Ms. Zisumbo's first set of written discovery requests, Ms. Zisumbo determined the identity of the decision-makers at the time she was terminated. *See* Convergys' Responses to Ms. Zisumbo's First Set of Discovery Requests, attached as Ex. B. Specifically, John Patton II, Ms. Zisumbo's then-supervisor, Ryan Mitchell, the Operations Manager at the time, and Adriana Woldberg, the Human Resources Business Partner at the time, made the decision to terminate Ms. Zisumbo. *See id.* John Patton II filled out Ms. Zisumbo's termination letter. *See* Ex. 1. In the "Employee Signature" space, he wrote "unavailable due to illness." *Id.* He also sent Ms. Zisumbo a text, terminating her for "medical reasons." *Id.* John Patton II made these decisions along with Ryan Mitchell and Adriana Woldberg. Ex. 2. Because the proposed individuals' actions "arose out of the conduct, transaction, or occurrence set out" in Ms. Zisumbo's original complaint, the proposed additional Defendants all relate back to Ms. Zisumbo's complaint. Fed. R. Civ. P. 15(c). Ms. Zisumbo should therefore be granted leave to

amend her complaint.

> Under these circumstances, federal law supports allowing amendment here:
>
> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.' If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182 (internal citations omitted).

The current discovery deadline in this case is July 31, 2015. Dock. no. 15. Ms. Zisumbo's deadline to add parties or claims is March 31, 2015, while Convergys' deadline is April 30, 2015. *Id.* Ms. Zisumbo learned the identity of the proposed individual Defendants on March 13, 2015, and quickly moved to amend her complaint. *See* April Hollingsworth March 23, 2015, email to Mark Tolman, attached as Ex. 3. Because Ms. Zisumbo has not acted with "undue delay, bad faith, or dilatory motive," and there has been no "repeated failure to cure deficiencies" by previous amendments, or "undue prejudice" to Convergys, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182 (internal citations omitted). Ms. Zisumbo's underlying allegations in her amended complaint "may be a proper subject of relief;" therefore, Ms. Zisumbo's claims against individual parties should be reached on their merits. *See id.*

In addition, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or . . . arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of

5

law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Convergys has represented that each proposed individual Defendant is no longer a Convergys employee, even though they were the decisionmakers at the time Ms. Zisumbo worked at Convergys. *See* Ex. 2. Ms. Zisumbo is requesting to add the proposed Defendants because Ms. Zisumbo's "right to relief" arises out of the "same series of transactions" as the original complaint, and questions of law and fact are common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). Furthermore, because the fact discovery deadline is several months away, each proposed Defendant will have a full opportunity to defend against the asserted claims. Because the individuals responsible for Ms. Zisumbo's termination have been identified in the early stages of discovery and may be joined under the Federal Rules of Civil Procedure, justice requires that this Court grant Ms. Zisumbo leave to amend her complaint under Fed. R. Civ. P. 15.

## CONCLUSION

For the reasons set forth above, Ms. Zisumbo respectfully requests the Court grant her leave to file her First Amended Complaint as proposed. A proposed Order is attached. *See* Proposed Order, attached as Ex. 4.

DATED this 3oth day of March, 2015.

                                            **HOLLINGSWORTH LAW OFFICE, LLC**

                                            /s/April L. Hollingsworth_____
                                            April L. Hollingsworth
                                            Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that **PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR LEAVE TO AMEND COMPLAINT** was served via the court's CM/ECF filing system this 3<u>oth</u> day of March, 2015, on the following:

Timothy C. Houpt USB #1543
Michael Patrick O'Brien, USB #4894
Mark D. Tolman, USB #10793
Jones Waldo Holbrook & McDonough PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Tel: (801) 521-3200
THoupt@joneswaldo.com
mobrien@joneswaldo.com
mtolman@joneswaldo.com

Attorneys for Third-Party Defendant *Convergys Corp.*

/s/April L. Hollingsworth
April L. Hollingsworth