IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HOPE ZISUMBO,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGYS CORP., a corporation,<br><br>Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:14-cv-00134-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 14.) Plaintiff Hope Zisumbo alleges that Defendant Convergys Corp. violated the Family Medical Leave Act ("FMLA") when it terminated Plaintiff in 2013. The matter is presently before the Court on Plaintiff's "Motion for Leave to Amend Complaint." (Dkt. 17.)

## ANALYSIS

Plaintiff seeks leave to amend her complaint to remove her indemnification cause of action and to add allegations and FMLA claims against John Patton II, Ryan Mitchell, and Adriana Woldberg. ("Proposed Defendants"). (Dkt. 17.) Plaintiff asserts that she only learned the Proposed Defendants' identities approximately two weeks before she filed her motion to amend.

Convergys argues that the proposed amendment is brought in bad faith "solely to harass and oppress" Proposed Defendants. (Dkt. 18 at 2.) Convergys also argues that Plaintiff's proposed amendment is futile because she failed to plead that the Proposed Defendants were on notice that Plaintiff might qualify for FMLA benefits.

I. **<u>Amending the complaint</u>**

The Court has discretion to grant an amendment pursuant to Rule 15(a). *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has admonished courts that generally a case should "be decided on its merits rather than on procedural niceties." *Minter* at 1204. Nonetheless, amendments may be denied for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

    a. **Bad faith and undue prejudice**

Convergys' first appears to show bad faith or undue prejudice. Convergys has not established either. Convergys suggests that Plaintiff only seeks to add individual employees as defendants in an effort to "subject them to the stresses and costs of the court system" without benefit to Plaintiff. (Dkt.18 at 2.) This conclusory statement does not establish bad faith. Convergys then faults Plaintiff for not demonstrating that she would be prejudiced by denial of the amendment because Convergys has the ability to pay any judgment in this case. Convergys misunderstands the parties' relative burdens in this analysis. Convergys bears the burden of establishing any undue prejudice. Convergys' discussion about the identity of the entity that will pay a judgment or settlement is a practical matter that does not change the outcome here.

    b. **Futility**

Convergys has not demonstrated that the additional claims would be futile. Convergys argues that Plaintiff failed to plead that the Proposed Defendants were on notice that Plaintiff desired FMLA leave. In the Tenth Circuit, FMLA rights are triggered when an employer is on notice that

the employee may qualify for FMLA benefits. *Tate v. Farmland Indus., Inc.*, 268 F.3d 989, 997 (10th Cir. 2001) ("An employee need not expressly assert rights under the FMLA or even mention the FMLA."). The Court must assume the facts alleged in the proposed amended complaint and all reasonable inferences in favor of Plaintiff. Doing so, the Court concludes that the amendment is not futile. Plaintiff alleges that she was terminated expressly "for medical reasons" and because she was "unavailable due to illness." Plaintiff also alleges that the Proposed Defendants collectively made the decision to terminate her. It can be inferred from these facts that the Proposed Defendants knew that Plaintiff was so ill she could not work because that is the basis upon which they fired her. This provides adequate notice that Plaintiff might qualify for FMLA benefits. While discovery may show otherwise, the amendment does not appear futile.[1]

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for leave to amend. Plaintiff may file her amended complaint no later than June 29, 2015.

## ORDER

For the reasons set forth above, the Court:

**GRANTS** Plaintiff's Motion for Leave to Amend Complaint.  (Dkt. 17.)  Plaintiff may file her amended complaint no later than June 29, 2015.

IT IS SO ORDERED.

Dated this 22nd day of June, 2015.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[1] The circumstances here are far removed from *Howard v. Garage Door Group, Inc.*, where the employee was available to work when she was terminated and never requested leave. 136 F. App'x 108, 109 (10th Cir. 2005) (unpublished).