IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HOPE ZISUMBO,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGYS CORP.,<br>JOHN PATTON II, RYAN MITCHELL,<br>and ADRIANA WOLDBERG,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:14-cv-134-RJS<br><br>Judge Robert J. Shelby |

This case presents the question whether an employer may contractually restrict the statutory time limitations for claims under the Family Medical Leave Act (FMLA) and the Employee Retirement Income Security Act (ERISA). Plaintiff Hope Zisumbo submitted a signed job application to Defendant Convergys that imposed, among other things, a six-month limitations period for any employment-related claim. Zisumbo was later hired, worked for Convergys for a short time, and subsequently brought FMLA and ERISA claims beyond the contractual six-month period but within the respective statutory periods. The parties now dispute which limitations period applies. For the reasons below, the court concludes the six-month contractual provision is enforceable for the ERISA claims, but not for the FMLA claims.

**BACKGROUND**

In 2012, Plaintiff Hope Zisumbo submitted a five-page online application for employment with Defendant Convergys.[1] The application stated that Zisumbo agreed "any claim or lawsuit relating to [her] employment with Convergys . . . must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit," and provided that by signing, Zisumbo "waive[d] any statute of limitations period that is longer than six (6) months."[2] Zisumbo initialed and submitted the application.

Zisumbo was hired, and was fired just over a year later on June 28, 2013.[3] Zisumbo had taken some medical leave before being fired, and her supervisor, Defendant John Patton II, told Zisumbo she was being fired for "medical reasons."[4] Zisumbo subsequently received notice that her health insurance policy through Convergys had been retroactively canceled months before her termination, leaving her responsible for various unpaid medical bills. The following year, a collections agency sued Zisumbo in state court to collect on unpaid medical bills. Those claims were later settled, and Zisbumo filed a Third Party Complaint asserting FMLA and ERISA claims against Convergys, which was removed to federal court. Zisumbo later added as individual defendants her supervisor, John Patton II, his supervisor, Ryan Mitchell, and the Human Resources Business Partner, Adriana Woldberg. Both sides have moved for summary judgment.

---

[1] The facts are taken primarily from Zisumbo's declaration, Dkt. 31-1, and are not disputed for purposes of these Motions. *See* Dkt. 32 at 4 ("For the purposes of this Motion only, Convergys does not dispute any of the alleged facts contained in the Plaintiff's Statement of Facts.").

[2] Dkt. 31-2 at 5.

[3] Dkt. 31-1 ¶ 18.

[4] *Id.*

2

**ANALYSIS**

At issue in these cross motions for summary judgment is the timeliness of Zisumbo's claims. Zisumbo's Complaint was filed on June 25, 2014, just under a year after her termination. This makes her claims timely under the statutory limitations periods for the FMLA (two years)[5] and ERISA (six years),[6] but untimely under the restricted 6-month contractual limitations period in her employment Application. The question, then, is whether the Application validly altered the statutory limitations period for any claims under the FMLA and ERISA.

Defendants contend it did, and request summary judgment on this basis. Zisumbo argues the contractual limitations period is unenforceable for one or more reasons, including: (1) restricting the statutory FMLA and ERISA limitations periods is contrary to public policy; (2) the Application is ambiguous; (3) any waiver of the statutory limitations period was not a knowing waiver; and (4) any waiver is unconscionable. The court first addresses these arguments in the context of the FMLA, and then turns to ERISA.

**The FMLA**

Zisumbo first argues the Application's provision purporting to limit the two-year FMLA statutory limitations period to six-months is unenforceable because it violates public policy. As a general matter, parties may contract to limit the statutorily-prescribed time to bring a lawsuit.[7]

---

[5] The period is extended to three years for "willful violations." 29 U.S.C. § 2617(c)(1), (c)(2).

[6] ERISA does not have its own statutory limitations period, so the "most analogous" Utah statute of limitations applies, which courts have determined to be the six-year limitations period governing actions for breach of a written contract. *See, e.g., Kerry v. Southwire Co. & Affiliates Emp. Benefit Plan*, 324 F. Supp. 2d 1225, 1230 (D. Utah 2004).

[7] *Order of United Comm. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947).

Their ability to do so, however, is limited in two ways: (1) there must be no "controlling statute to the contrary," and (2) the shorter limitations period must otherwise be reasonable.[8]

The Tenth Circuit has not yet weighed in on whether parties may, consistent with public policy, contractually limit the FMLA's two year limitations period. And district courts that have addressed the issue have created a split in authority. At the heart of the dispute is whether limitations periods are more properly considered a right given to employees or a procedural protection afforded to employers. The distinction is important because a "controlling statute to the contrary"—namely, the FMLA itself—prohibits an employer from interfering with or restraining an employee's rights under the FMLA (but says nothing of expanding procedural protections for employers).[9] Similarly, a Department of Labor (DOL) regulation prohibits both an employee from waiving prospective FMLA rights and an employer from inducing an employee to do so.[10]

A majority of district courts to address the issue have concluded the FMLA gives employees a right to sue, and a contract shortening the statutory two-year limitations period impedes that right and therefore violates public policy.[11] By contrast, at least one district court has concluded that statutes of limitations are not "rights" given to employees but instead "more correctly exist for the protection of defendants," so contractually restricting them does not

---

[8] *Id.*

[9] *See* 29 U.S.C. § 2915(a)(1) ("It shall be unlawful for any employer to interfere, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 C.F.R. § 825.220(a)(1) ("An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.").

[10] *See* 29 C.F.R. § 825.220(d).

[11] *See, e.g.*, *McKinley v. Rapid Glob. Bus. Sols., Inc.*, No. 1:17-cv-00621-LJM-MJD, 2017 WL 3173058, at *4 (S.D. Ind. July 26, 2017); *Bullard v. FedEx Freight, Inc.*, 218 F. Supp. 3d 608, 615 (M.D. Tenn. 2016); *Plitsas v. Fed. Exp., Inc.*, Civ. No. 07-5439 (JLL), 2010 WL 1644056, at *6 (D.N.J. Apr. 22, 2010); *Grosso v. Fed. Exp. Corp.*, 467 F. Supp. 2d 449, 457 (E.D. Pa. 2006); *Woods v. DaimlerChrysler, Corp.*, No. 4:02CV834CDP, 2003 WL 24196898, at *4 (E.D. Mo. Dec. 2, 2003); *Lewis v. Harper Hosp.*, 241 F. Supp. 2d 769, 772 (E.D. Mich. 2002).

implicate statutory and regulatory provisions prohibiting interference with or waiver of FMLA rights.[12]

In the absence of controlling Tenth Circuit authority, this court concludes the better interpretation is that of the majority—that is, that contractual provisions restricting the statutory FMLA limitations period violate public policy and are therefore unenforceable. As discussed above, the question turns on whether the contractual limitations period interferes with a right under the FMLA. To that end, the FMLA undoubtedly provides a right employees would not otherwise enjoy: the right to sue in federal court for certain employment violations, and to do so anytime up to two years after the alleged violation. Indeed, the Act provides that "an action may be brought . . . not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."[13] A six-month contractual limitations period "impedes" and "restrains" an employee's ability to bring an action "not later than 2 years after" the alleged violation. The FMLA expressly precludes such interference.[14] Thus, because a "controlling statute to the contrary" precludes restricting the statutory limitations period, the provision in Zisumbo's Application purporting to do just that is not enforceable.

Defendants provide several arguments why the provision should be enforced, but none carry weight. Defendants first repeat the reasoning of *Badgett*, the North Carolina District Court decision upholding a contractual limitations period for FMLA claims, arguing that limitations

---

[12] *See Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 625 (M.D.N.C. 2005).

[13] 29 U.S.C. § 2617(c)(1).

[14] *See* 29 U.S.C. § 2915(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 C.F.R. § 825.220(a)(1) ("An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.").

provisions are merely a procedural protection for defendants, not a right given to employees.[15] The court agrees that limitations periods serve primarily to protect defendants. But that is only one side of the coin, for expanding protection to defendants (by constraining a limitations period) necessarily restricts the right of employees to sue. In other words, regardless of the fact that a contractual limitations period expands procedural protection for defendants, it simultaneously restricts rights provided to plaintiffs by the FMLA—something Congress has expressly forbade.

Defendants next argue the statutory and regulatory provisions at issue do not explicitly discuss limitations periods (referring instead to generalized "rights"), so parties are free to contract around the two-year period. Such specificity, however, is not required. As Defendants agree, the applicable standard from the Supreme Court is whether there exists "a controlling statute to the contrary."[16] And as discussed, the relevant FMLA provision prohibits "interfere[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under this subchapter"—one of those rights being that "an action may be brought under this section not later than 2 years" after the alleged violation.[17] This provision is both controlling and contrary to the Application's restriction that an action may not be brought more than six months after the alleged violation.

---

[15] *See* Dkt. 32 at 27.

[16] *Order of United Comm. Travelers of Am. v. Wolfe*, 331 U.S. 586, 608 (1947). Convergys also cites *United States v. Mezzanatto* for the proposition that limitations periods are waivable absent "some affirmative indication of Congress' intent to preclude waiver." Dkt. 32 at 28 (citing *United States v. Mezzanatto*, 513 U.S. 196, 201 (1995). This statement came in the context of discussing whether a criminal defendant may waive protections in the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, and it is therefore not clear that standard is applicable to this case. Even if it is, however, the court concludes the statutory and regulatory provisions at issue provide affirmative indication of Congress's intention to prohibit contractual limitations periods for FMLA claims.

[17] 29 U.S.C. §§ 2615(a)(1), 2617(c)(1).

Last, Defendants argue "interfere," as used in the Act, means interfering with an employee's FMLA *leave*, not her ability to bring suit. In support, Defendants cite regulations stating that interference "would include, for example" refusing to authorize leave, discouraging employees from using leave, and taking actions to avoid employees becoming eligible for FMLA benefits, among others.[18] That "interfering . . . would include" these acts does not mean it would not also include limiting an employee's ability to sue in contravention of the provision expressly allowing an employee to do so within two years of any violation.

In sum, the FMLA provides rights to employees, including the right to bring a federal suit within two years of any violation. The six-month limitations period in Convergys's Application interferes with those rights, and consequently runs afoul of the FMLA's proscription on interfering with rights under the FMLA. The Application's provision is therefore contrary to public policy as to Zisumbo's FMLA claim, and will not be enforced. Zisumbo may proceed on her otherwise-timely FMLA claim against Convergys and the individual Defendants.[19]

**ERISA**

While the FMLA precludes an employer from contractually restricting the statutory limitations period, the same is not true of ERISA. Indeed, ERISA has no analogous provision, and both the Supreme Court and the Tenth Circuit have recognized that parties may contractually limit the time to bring ERISA claims.[20] The court therefore concludes the contractual six-month limitations period does not violate public policy as applied to Zisumbo's ERISA claim, and the

---

[18] Dkt. 32 at 29 (citing 29 C.F.R § 825.220(b)).

[19] Defendants asserted various arguments for why the individual defendants should enjoy the protections of the restrictive contractual limitations period. Because the court concludes that provision is unenforceable, it declines to address whether the individual Defendants could have invoked it.

[20] *See Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 612 (2013); *Salisbury v. Hartford Life & Acc. Co.*, 583 F.3d 1245, 1249 (10th Cir. 2009).

court turns to Zisumbo's other arguments for why the provision should not be enforced: that the Application is ambiguous, that any waiver of the statutory limitations period was not a knowing waiver, and that any waiver is unconscionable.

1. **Ambiguity**

Zisumbo first contends the Application's limitations provision is ambiguous and should therefore be construed against Convergys. The ambiguity, Zisumbo argues, stems from the fact that the Application purports to waive any limitations period beyond six months but also states that Convergys intends to comply with state and federal law—the implication, apparently, being that these statements are contradictory because federal or state law prohibits altering ERISA's statutory limitations period.

The court, however, has already concluded that it does not. As noted above, the Supreme Court and Tenth Circuit have both condoned contractually altering ERISA's limitations period. Because Convergys can alter the limitations period and still remain in compliance with federal and state law, the limitations provision is not ambiguous and will not be found unenforceable on that basis.

2. **Unknowing Waiver**

Zisumbo next argues the limitations provision is a waiver of the default statute of limitations, and that waiver was not a knowing and voluntary waiver because the application was online, the position was an entry level job, and Zisumbo was only a high-school educated 18-year-old when she signed. Convergys, by contrast, argues that the knowing-and-voluntary standard advocated by Zisumbo is inapplicable because the provision is not a waiver but rather a mere restriction on the time within which Zisumbo can bring a claim. Alternatively, Convergys contends the knowing-and-voluntary standard, if applicable, is met.

8

The Tenth Circuit has not addressed whether the knowing-and-voluntary standard applies in this context. It has required that a waiver of *claims* be knowing and voluntary, and has provided a multi-factor totality-of-the-circumstances test to make that determination.[21] But it is not clear from this authority whether the test applies with equal force to a waiver of the right to bring a claim within the default statutory limitations period.

The court need not resolve this question, however, for even if the provision was a waiver that was required to be knowing and voluntary, that standard is met here. Determining whether a waiver is knowing and voluntary requires considering the following factors: (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time the plaintiff had for deliberation before signing the release; (4) whether the plaintiff knew or should have known her rights upon execution of the release; (5) whether the plaintiff was encouraged to seek or in fact received the benefit of counsel; (6) whether there was an opportunity for negotiation of the terms; and (7) whether adequate consideration was given in exchange for the waiver.[22]

Weighing in favor of Convergys, the provision at issue here was clear, conspicuous, and specific, stating that "any claim or lawsuit relating to my employment . . . must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit."[23] Zisumbo had only a high school education and no business experience, but understanding the relatively simple provision required little more. Zisumbo had unlimited time to review the online Application before submitting it, and she was given consideration for the

---

[21] *See Torrez v. Pub. Serv. Co. of N.M., Inc.*, 908 F.2d 687, 689 (10th Cir. 1990).
[22] *Id.* at 689–90.
[23] Dkt. 31-2 at 5.

9

waiver—namely, her job.[24]  By contrast, in Zisumbo's favor, there is no indication she knew or should have known she otherwise would have six years to bring an ERISA claim, she was not encouraged to seek counsel, and she was given no opportunity to negotiate the terms of the Application.  On balance, these factors counsel in favor of concluding the waiver was knowing and voluntary.  Thus, even if that standard applies, it is met here.

### 3. Unconscionability

Zisumbo next argues the limitations provision was substantively and procedurally unconscionable.  An agreement is substantively unconscionable if it is "so one-sided as to oppress or unfairly surprise an innocent party" or if "there exists an overall imbalance in the obligations and rights imposed by the bargain."[25]  Zisumbo argues the waiver is substantively unconscionable because it seeks to limit her rights against both Convergys and private individual defendants.  The court disagrees that this renders the provision unconscionable, and in any event, this argument is moot, as only the FMLA claim was asserted against the individual defendants, and the court has already ruled in Zisumbo's favor on the availability of that claim.

Procedural unconscionability, by contrast, concerns the manner and circumstances by which the agreement was entered into.[26]  Factors bearing on procedural unconscionability include whether each party had a reasonable opportunity to understand the terms of the

---

[24] Zisumbo contends the mere ability to apply for a job was not adequate consideration for the waiver.  It is true that at the time Zisumbo completed the Application, a job offer was not guaranteed.  But the waiver dealt with "any claim or lawsuit related to [Zisumbo's] employment with Convergys," meaning it would be applicable only if she ultimately received a job.  Thus, Zisumbo's waiver took effect if (and only if) she were offered a job and accepted.  Put another way, Zisumbo's acceptance of a job offer was a condition precedent to her waiver of the default statute of limitations.  *See McArthur v. State Farm Mut. Auto. Ins. Co.*, 274 P.3d 981, 987 (Utah 2012) ("A condition is an event, not certain to occur, which must occur before performance under a contract becomes due.").  That Zisumbo's waiver was conditional does not mean it was without consideration.

[25] *Sosa v. Paulos*, 924 P.2d 357, 361 (Utah 1996).

[26] *Id.* at 362.

agreement, whether there was an opportunity for negotiation, whether the agreement was boilerplate drafted solely by the party in the strongest position, whether the terms of the agreement were explained to the weaker party, and whether the aggrieved party had a meaningful choice or was compelled to accept the terms of the agreement.[27]

Some of these factors undoubtedly weigh in Zisumbo's favor. The Application, for example, was drafted by Convergys and contained terms that were, for all intents and purposes, nonnegotiable boilerplate. But that is the case for most job applications.[28] And other factors cut against Zisumbo, including that the Application was short (5 pages), and contained only a page or so of enumerated terms.[29] The term at issue, as discussed above, was clear and concise. And if, after reviewing the term, Zisumbo wished not to be bound by it, she had a choice: not apply for employment with Convergys.

On balance, these factors lead the court to conclude the provision is not procedurally unconscionable. And even if it were, "procedural unconscionability alone rarely renders a contract unconscionable."[30] In arguing the Application is unconscionable, Zisumbo "bears a heavy burden,"[31] and a court should not "assume the paternalistic role of declaring that one who has freely bound himself need not perform because the bargain is not favorable."[32] Zisumbo has not met her burden of demonstrating unconscionability, and the court declines to find the Application unenforceable on this basis.

---

[27] *Id.*

[28] *See Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 404 (Utah 1998).

[29] *See* Dkt. 31-2.

[30] *The Cantamar, L.L.C. v. Champagne*, 142 P.3d 140, 152 (Utah Ct. App. 2006).

[31] *Id.* at 151.

[32] *Id.*

11

Zisumbo has not shown the limitations provision in her Application was against public policy (as to her ERISA claim), nor that it is ambiguous, nor that she unknowingly waived her rights, nor that any waiver was unconscionable. As such, the provision will be enforced. Because Zisumbo's ERISA claim was brought nearly a year after her termination, well beyond the contractual 6-month period, the claim is untimely.

## CONCLUSION

The parties' cross Motions for Summary Judgment[33] are both GRANTED IN PART and DENIED IN PART. Zisumbo's FMLA claim is timely, so her Motion for Summary Judgment is granted as to that claim and Defendants' Motion is denied. Zisumbo's ERISA claim is not timely, so her Motion is denied as to that claim and Defendants' Motion is granted. Zisumbo may proceed with her FMLA claim against Convergys and the individual Defendants.

SO ORDERED this 22nd day of November, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[33] Dkts. 30, 31.